## Kaplan v. Necle

*John R. Gaughan,* for plaintiff.

*Harry L. Thomas,* for defendant.

HOBAN, P. J., October 24, 1949.—The proceeding is scire facias to revive the lien of a judgment entered on a sealed note to September term, 1947, no. 410. This sci. fa. issued against a terre tenant only. The terre tenant filed an affidavit of defense averring that the debtors paid the assignee of the judgment in full two weeks before the debtors conveyed the real estate affected by the lien to the terre tenant. Plaintiff in the sci. fa. proceedings then filed preliminary objections setting forth that the affidavit of defense is impertinent

and improper at this time; that the affidavit sets forth matters of no consequence and improperly raised under the Judgment Lien Law of July 3, 1947, P. L. 1234, 12 PS §877 et seq.

At the argument the principal point raised by counsel for plaintiff would seem to be that an affidavit of defense could not be interposed to prevent judgment on the sci. fa. proceedings, but the defense of payment ought to be raised only when execution was sought under a fi. fa.

There is no provision under the Pennsylvania Rules of Civil Procedure for pleading preliminary objections in sci. fa. proceedings. However, if we treat these preliminary objections as a motion to strike off a defective pleading or as a motion for judgment for want of a sufficient affidavit of defense, they are without merit. The way to prevent judgment in sci. fa. proceedings is to file an affidavit of defense: Act of March 28, 1835, P. L. 88, 12 PS §761. The writ of sci. fi. itself is in form a rule to show cause why the judgment ought not to be revived and continued as a lien. Payment of the judgment by the judgment debtor to the holder thereof is certainly good cause to prevent the revival of the judgment and its continuance as a lien against real estate. If the averments of the affidavit of defense are true, plaintiff in this action has been paid and the debt should be discharged. To allow plaintiff now to revive this judgment and continue it as a lien would permit him to collect the same debt twice.

The affidavit of defense raises a proper issue to be tried before a jury, and the preliminary objections must be dismissed.

Now, October 24, 1949, the preliminary objections to the affidavit of defense filed to the above-captioned action are dismissed.